**Aubrey McGee GAINES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39378.**

Court of Criminal Appeals of Texas.

April 6, 1966.

Lawrence R. Green, Dallas, for appellant.

Henry Wade, Dist. Atty., Harryette Bercu, Curtis D. Glover and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is assault to murder with malice; the punishment, 10 years confinement in the Texas Department of Corrections.

The evidence reveals that appellant and Juanita Dodson lived together for about one year, and that this relationship was terminated on December 26, 1964, when the witness Dodson left appellant and moved into the residence of Mabel Choice, the complaining witness. At about 11:30 on February 21, 1965, appellant knocked on the door of that house and told Mrs. Choice that he would like to see his "old lady," and was told that they were all going to bed and did not want to be disturbed. This brief exchange was conducted with the door open only to the extent allowed by the safety latch with which the door had been secured. Mrs. Choice shut the door without further conversation and, as she did so, she heard a shot, and a bullet tore through the door, going through the living room, where at least two children slept, then into the kitchen, where it struck the kitchen wall. Mrs. Choice testified that, "If I had of been standing in front of the door, it would have went through my head." Three more shots were fired in rapid succession, one going through the door and striking the door facing, another lodging in the bottom of the screen door, and the fourth bullet striking the ceiling of the porch.

Donita Dodson, daughter of Juanita Dodson, testified that after appellant fired the four shots, she peeked out the window and saw him running toward a white car. She also testified that appellant had been to the house on an earlier occasion wanting to see the witness' mother, but that she had told him that her mother did not feel like being bothered, and appellant left in a blue truck.

Appellant's testimony was the only evidence offered in his behalf, and his version of the transaction was that he had a pistol in his back pocket when he came to the house the second time, and that after he was told that Juanita Dodson did not want to see him, he related, "It was kind of cool right then so I stuck my hands in my back pockets to keep them warm and the gun went off." It was his contention that he did not intend to shoot anyone. On cross-examination he testified without objection that he had received a suspended sentence for burglary in 1953.

The evidence is sufficient to support the conviction for assault with intent to murder with malice. Rodriguez v. State, Tex.Cr.App., 375 S.W.2d 289; Escobar v. State, 162 Tex.Cr.R. 115, 282 S.W.2d 873. Appellant's motion for new trial based on insufficiency of the evidence was properly overruled.

It is contended that the trial court committed reversible error in not granting appellant's motion for a mistrial after the state introduced evidence of what appellant contends was an extraneous offense. After showing that Juanita Dodson had been in the hospital several days before the shooting, and that appellant had visited her, the following testimony was elicited:

Q: "Do you recall one time in particular when he had something with him?"

A: "Yes."

Q: "What was it that he had with him?"

A: "Some kind of a gun, I don't know what kind it was."

(Counsel for appellant): "Now your Honor, I'm going to have to object here. This is certainly prejudicial."

(Counsel for the state): "It goes to show the circumstances surrounding the shooting."

THE COURT: "Sustain the objection and instruct the Jury to disregard it."

(Counsel for appellant): "And further we move for mistrial."

THE COURT: "Overrule your motion."

(Counsel for appellant): "Note our exception."

THE COURT: "But, the Court will instruct the Jury to disregard it."

 The careful trial judge excluded the testimony and twice admonished the jury that it would not be considered, and any error which may have been committed was cured by this action. We find no error in the court's refusal to grant a mistrial.

The judgment is affirmed.